# EXHIBIT D

Case 9:23-cv-00195-MJT   Document 2   Filed 10/26/23   Page 2 of 18 PageID #: 5
Filed 9/5/2023 2:20 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Raeanne Kent,
Deputy Clerk

CAUSE NO. CV-00549-23-09 _____

| | | |
|---|---|---|
| ST. CYPRIAN'S EPISCOPAL CHURCH, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | 159th/217th |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE CHURCH INSURANCE COMPANY OF VERMONT, | § § § | |
| *Defendant.* | § | ANGELINA COUNTY, EXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, St. Cyprian's Episcopal Church, Plaintiff herein, and files this, its Original Petition against The Church Insurance Company of Vermont, Defendant herein, and, in support thereof, would respectfully show unto the Court the following:

### I.   DISCOVERY CONTROL PLAN

1.1.   Discovery in this case is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.   PARTIES AND SERVICE

2.1.   Plaintiff St. Cyprian's Episcopal Church (hereinafter, "Plaintiff" and/or "St. Cyprian's") is a domestic non-profit corporation doing business in the State of Texas.

2.2.   Defendant The Church Insurance Company of Vermont (hereinafter, "Defendant" and/or "Church Insurance") is an insurer conducting business in the State of Texas and, pursuant to the provisions of the Texas Insurance Code, Church Insurance may be served by and through the Texas Secretary of State located at 1019 Brazos, Room 105, Austin, Texas 78701 or via certified mail to P.O. Box 12079, Austin, Texas 78711. Church Insurance may also be served by and through its president, vice president, secretary, or attorney-in-fact at its home office or

Copy from re:SearchTX

principal place of business located at 210 South Street, Suite 2, Bennington, Vermont, 05201, or wherever it may be found.

## III.   JURISDICTION AND VENUE

3.1.   Jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.

3.2.   Venue is proper in Angelina County, Texas under the mandatory venue provisions in Section 15.011 of the Texas Civil Practice and Remedies Code as this is a suit for recovery of damages to real property, and under the general venue rules set forth in Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3.   Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## IV.   FACTS

4.1.   Church Insurance sold insurance policy number VPP0005126 (hereinafter, the "Policy") to named insured St. Cyprian's Episcopal Church to insure the properties located at 919 S. John Reddit Drive, Lufkin, Texas 75904 (hereinafter, the "Church Campus" and/or "Property").  The Policy was effective at all times pertinent herein.

4.2.   On or about March 13, 2022, a severe storm event caused widespread damage to properties located throughout Lufkin, Texas (hereinafter, the "Storm"). The Storm resulted in direct physical damage to the Church Campus.

4.3.   Upon discovering the damage to the Property, St. Cyprian's promptly filed a claim with Church Insurance pursuant to the Policy. Church Insurance acknowledged the reported losses and assigned claim number 44609 to the Property (hereinafter, the "Claim").

4.4. Shortly thereafter, in an effort to perform its own due diligence, St. Cyprian's obtained estimates, quotes, and/or damage assessments from third parties regarding the extensive damages to the Property, which were provided to Church Insurance's adjuster, Wes Cash (hereinafter, "Mr. Cash"). At the same time, Church Insurance hired Clark Roofing to investigate, inspect and provide estimates for the damages sustained at the Church Campus

4.5. On or about May 6, 2022, a joint inspection was held, where Plaintiff's representatives and Mr. Cash noted hail strikes on the flat roof system covering the walkways. The parties discussed alternative methods to replace the damaged flat roof to bring it back to its pre-loss condition. Further, Mr. Cash and the St. Cyprian's representatives discussed the significant damage to the tile roofs on all four buildings located on the Church Campus. St. Cyprian's discussed with Mr. Cash that this particular roof was manufactured by Ludowici Roof Tile, and it would be difficult to match. St. Cyprian's and Mr. Cash discussed possible alternatives to matching the tiles, including an option to harvest existing tiles that they eventually ruled out because the coloring and score of the tiles would not match. St. Cyprian's also raised concerns about how the harvesting option affected the roofs warranty and compliance with the manufacturer's specifications. Consequently, the harvesting option did not allow for the use of similar materials to bring the Church to its pre-loss condition.

4.6. In addition, the parties discussed how the only viable option to bring the Church Campus to its pre-loss condition would require a complete re-roof with tiles from the same manufacturer, Ludowici. This option requires Ludowici to specially manufacture the tiles to match existing tile, so as to provide St. Cyprian's with similar materials, which the parties agreed to under the insurance policy.

Copy from re:SearchTX

4.7. Following the May 6, 2022, inspection, Mr. Cash provided to Ben Moore, a St. Cyprian's representative, an estimate from an Eberl Claim Services for damages to the Church Campus, which grossly underestimated the damages to the Property. It appears Mr. Cash decided to ignore the estimates provided by Clark Roofing, whom they hired to investigate the roof damage. St. Cyprian's became very perplexed as to why Mr. Cash knowingly and intentionally left out significant parts of the damages discussed, and acknowledged, during the inspection, including the flat roofs covering the walkways. In particular, Mr. Moore expressed his disagreement and concerns with the Eberl Claims estimate.

4.8. Despite the detailed conversations and exchange of documents between St. Cyprian's and Church Insurance about the only viable option available, Church Insurance subsequently decided to send a check in the ACV amount for the harvesting option. Church now claims, without any evidence, that St. Cyprian's and its roof contractor, Precision Roofing, agreed to the harvesting option, which isn't true. Consequently, St. Cyprian's adamantly disagrees with Church Insurances position and feels it is entitled to the full replacement with new tiles covered under the policy, which is in accordance with manufacturer's warranty and specifications.

4.9. Plaintiff sent a revised pre-suit notice and demand to Church Insurance pursuant to Chapters 541 and 542 of the Texas Insurance Code on or about May 30, 2023. To date, Church Insurance continues to refuse to cover the complete replacement cost of the Property and restore its pre-loss condition, as required pursuant to the Policy.

4.10. As a result of Church Insurance's refusal to change its position regarding Plaintiff's Claim despite being notified of the impossibility of the minimal suggested scope of repair, continued delay and disinterest in resolving the Claim, and its refusal to tender benefits

and proceeds due and owing under its Policy, Plaintiff has sustained damages as described herein.

## V.   COUNT ONE: BREACH OF CONTRACT

5.1.  Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

5.2.  This is an action against Defendant for breach of a first party insurance contract, the Policy. Plaintiff is the named insured under the Policy and the Policy was in full force and effect as to the Plaintiff and the Property at all times material to the facts as set forth herein.

5.3.  Plaintiff has performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the Claim, mitigation of the damages to the Property, and temporary repairs to prevent further damage. Defendant has waived any and all other conditions.

5.4.  Defendant is required to compensate Plaintiff for all direct physical losses from a loss event under the terms of the Policy.

5.5.  Plaintiff has been and remains fully prepared to comply with all obligations pursuant to the Policy.

5.6.  Defendant's denial of coverage and refusal to pay the full amount of the Claim is contrary to the terms of the Policy and Texas law and constitutes a breach of said contract of insurance causing further delay in restoring Plaintiff's Property to its pre-loss condition and includes, without limitation, the following:

   a)   Failing to indemnify its insured, and by relying upon a policy exclusion to deny payment which is, and should be inapplicable given the circumstances of the Claim;

   b)   Failing to pay all benefits available and improperly interpreting the Policy so as to avoid obligations imposed by the Policy and Texas law;

Copy from re:SearchTX

    c)    Denying payment on Plaintiff's Claim without meeting its affirmative burden of proving by a preponderance of evidence that Plaintiff's loss was proximately caused by non-covered peril or a peril excluded by the policy;

    d)    Failing to meet its affirmative burden of establishing which part of Plaintiff's loss was caused by an excluded peril;[1]

    e)    Improperly shifting the burden to Plaintiff of proving that the loss was not excluded by the Policy;[2]

    f)    Failing to conclusively and objectively determine the proximate and efficient cause of loss;

    g)    Failing to retain the appropriate experts and/or consultants to evaluate the damages to the subject Property and/or disregarding evidence from experts and/or consultants retained by Plaintiff;

    h)    Negligently, grossly negligently, recklessly, and/or intentionally choosing not to conduct a full, fair and prompt investigation and adjustment regarding Plaintiff's insured losses;

    i)    Basing its failure to tender payment based on an inadequate investigation, inspection, and adjustment of Plaintiff's loss;

    j)    Failing to construe the Policy in favor of coverage for Plaintiff's insured loss; and,

    k)    Choosing to delay and withhold payment of Plaintiff's covered losses, thereby proximately causing Plaintiff to incur consequential damages, including additional repair costs, expert fees, attorney fees, and litigation expenses.

5.7.    As a direct and proximate result of Defendant's breach of said contract of insurance as specified herein, including Defendant's refusal to pay Plaintiff's Claim and Defendant's failure to compensate Plaintiff for the damage sustained to the Property, which is owed under the terms of the Policy, Plaintiff has suffered damages described herein.

## VI. COUNT TWO: VIOLATIONS OF THE TEXAS INSURANCE CODE

### A. Violations of the Unfair Claim Settlement Practices Act

6.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

---

[1] *See* TEX. INS. CODE ANN. §554.002.

[2] *See* TEX. INS. CODE ANN. §554.002.

Copy from re:SearchTX

6.2. Defendant's acts, omissions, failures, and conduct that are described herein violate provisions of Chapter 542 of Texas Insurance Code, known as the Unfair Claim Settlement Practices Act.[3] In this respect, Defendant's violations include, without limitation:

a) Misrepresenting a material fact or policy provision relating to the coverage at issue;[4]

b) Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;[5]

c) Failing to adopt and implement reasonable standards for the prompt investigation of a claim arising under the insurer's policy;[6]

d) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[7] and,

e) Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.[8]

6.3. Accordingly, Plaintiff seeks damages in addition to the amount of the Claim, including interest accrued from the date the claim was required to be paid to judgment, together with reasonable and necessary attorneys' fees.[9]

## B. Violations of the Prompt Payment of Claims Act

6.4. Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

6.5. Defendant is "liable for a claim under an insurance policy" pursuant to the Texas Insurance Code,[10] as a result of one or more of the following:

---

[3] TEX. INS. CODE §542 et. seq.

[4] *See* TEX. INS. CODE ANN. §542.003(b)(1); *See also* 28 TEX. ADMIN. CODE §21.203(1).

[5] *See* TEX. INS. CODE ANN. §542.003(b)(2); *See also* 28 TEX. ADMIN. CODE §21.203(2).

[6] *See* TEX. INS. CODE ANN. §542.003(b)(3); *See also* 28 TEX. ADMIN. CODE §21.203(3).

[7] *See* TEX. INS. CODE ANN. §542.003(b)(4); *See also* 28 TEX. ADMIN. CODE §21.203(4).

[8] *See* TEX. INS. CODE ANN. §542.003(b)(5); *See also* 28 TEX. ADMIN. CODE §21.203(5).

[9] *See* TEX. INS. CODE §542.060(c).

      a)      by completing its investigation, evaluating the claim, and coming to a determination to accept and pay the claim or some part of it;

      b)      by being adjudicated liable by a court or arbitration panel;

      c)      by submitting to appraisal, even if Defendant first rejected the claim;[11]

      d)      by making payment of an appraisal award outside the statutory deadline even if Defendant made a timely partial payment of the claim; and,[12]

      e)      by rejecting or accepting a claim, thereby acknowledging that claimant submitted all necessary information for Defendant to determine whether Plaintiff was entitled to benefits under the policy.[13]

6.6.    Defendant has violated its statutory duty to adjust claims promptly and make reasonable efforts to settle claims[14] under in the following, non-exclusive respects:

      a)      Failing to acknowledge receipt of the Claim within thirty (30) days after receiving notice of the claim where the loss was the result of a weather-related catastrophe or natural disaster;[15]

      b)      Failing to commence any investigation of the claim within thirty (30) days after receiving notice of the claim where the loss was the result of a weather-related catastrophe or natural disaster;[16]

      c)      Failing to request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant within thirty (30) days after receiving notice of the claim where the loss was the result of a weather-related catastrophe or natural disaster;[17]

      d)      Failing to notify a claimant in writing of the acceptance or rejection of a claim within thirty (30) days of receiving all items, statements, and forms that the insurer requires to secure final proof of loss where the loss was the result of a weather-related catastrophe or natural disaster;[18]

---

[10] *See* TEX. INS. CODE ANN. §542.060(a).

[11] *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 819 (Tex. 2019).

[12] *See Louis Hinojos v. State Farm Lloyds and Raul Pulido*, 619 S.W.3d 651, 658 (Tex. 2021).

[13] *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 816 (Tex. 2019).

[14] *See* TEX. INS. CODE ANN. §542B et. seq.

[15] *See* TEX. INS. CODE §542.055(a)(1).

[16] *See* TEX. INS. CODE §542.055(a)(2).

[17] *See* TEX. INS. CODE §542.055(a)(3).

[18] *See* TEX. INS. CODE §542.056(a).

Copy from re:SearchTX

e) Failing to notify the claimant of the reasons for the denial or rejection of the claim;[19]

f) Failing to notify the claimant of the reasons the insurer requires additional time to accept or reject the claim;[20]

g) Failing to notify a claimant in writing of the acceptance or rejection of the claim within sixty (60) days of notifying the claimant that additional time would be required to make a coverage determination, where the loss was the result of a weather-related catastrophe or natural disaster;[21]

h) Failing to make payment of a claim within twenty (20) business days of providing notice to the claimant that the insurer will pay all or part of a claim, where the loss was the result of a weather-related catastrophe or natural disaster;[22]

i) Failing to make payment of a claim within twenty (20) business days of claimant's performance when payment is conditioned performance of an act by the claimant, where the loss was the result of a weather-related catastrophe or natural disaster;[23] and,

j) By failing to pay an insured's claim within sixty (60) days of receiving all items and documents reasonably necessary to resolve the claim, where the loss was the result of a weather-related catastrophe or natural disaster.[24]

6.7. Defendant's violation of the TPPCA subjects Defendant to the payment of interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorneys' fees to be taxed as costs.[25]

## VII.  COUNT THREE: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

7.1. Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

---

[19] *See* TEX. INS. CODE §542.056(c).

[20] *See* TEX. INS. CODE §542.056(d).

[21] *See* TEX. INS. CODE §542.056(d).

[22] *See* TEX. INS. CODE §542.057(a).

[23] *See* TEX. INS. CODE §542.057(b).

[24] *See* TEX. INS. CODE §542.058(a).

[25] *See* TEX. INS. CODE ANN. §542.060(a)-(b).

Copy from re:SearchTX

7.2. By its acts, omissions, failures, and conduct, Defendant has violated Chapter 541 of the Texas Insurance Code,[26] and breached its common law duty of good faith and fair dealing.[27] Defendant had no reasonable basis for denying or delaying payment of Plaintiff's Claim, and Defendant knew or should have known that there was no reasonable basis for denying or delaying payment of Plaintiff's Claim.

7.3. These common law and Texas Insurance Code violations include, without limitation, the conduct described herein, including:

    a) Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, to misrepresent the Policy by:

        i. Making an untrue statement of material fact;[28]

        ii. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;[29]

        iii. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;[30] and,

        iv. Making a material misstatement of law.[31]

    b) Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, with respect to the Claim, by:

        i. Misrepresenting a material fact or policy provision relating to the coverage at issue;[32]

        ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[33]

---

[26] TEX. INS. CODE §541 et. seq.

[27] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988).

[28] *See* TEX. INS. CODE ANN. §541.061(1)

[29] *See* TEX. INS. CODE ANN. §541.061(2).

[30] *See* TEX. INS. CODE ANN. §541.061(3).

[31] *See* TEX. INS. CODE ANN. §541.061(4).

[32] *See* TEX. INS. CODE ANN. §541.060(a)(1); *See also* 28 TEX. ADMIN. CODE §21.203(1).

      iii.    Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for denial of the Claim and/or offer of a compromise settlement of the Claim;[34] and,

      iv.    Refusing to pay the amounts duly owed regarding the Claim without conducting a reasonable investigation with respect to the Claim.[35]

7.4.    Defendant knowingly breached its duty of good faith and fair dealing and engaged in unfair settlement practices with respect to Plaintiff's Claim, when Defendant's liability had become reasonably clear.[36] Accordingly, Plaintiff seeks herein actual damages, court costs, and reasonable and necessary attorneys' fees.[37]

7.5.    Because the acts, omissions, failures, and conduct of Defendant were committed knowingly, with actual awareness of the falsity, unfairness, or deceptiveness,[38] Plaintiff seeks treble damages pursuant to Section 541.152(b) of the Texas Insurance Code.[39]

### VIII.   COUNT FOUR: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

8.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

8.2.    Plaintiff is a consumer under the Texas Deceptive Trade Practices Act (hereinafter, the "DTPA") because Plaintiff is an individual (as defined by the Act) who acquired goods/services from Defendant by purchase.[40]

---

[33] *See* TEX. INS. CODE ANN. §541.060(a)(2)(A); *See also* 28 TEX. ADMIN. CODE §21.203(4).

[34] *See* TEX. INS. CODE ANN. §541.060(a)(3); *See also* 28 TEX. ADMIN. CODE §21.203(9).

[35] *See* TEX. INS. CODE ANN. §541.060(a)(7); *See also* 28 TEX. ADMIN. CODE §21.203(15).

[36] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997).

[37] TEX. INS. CODE §541.152(a)(1).

[38] TEX. INS. CODE §541.002(1).

[39] TEX. INS. CODE §541.152(b).

[40] TEX. BUS. & COM. CODE §17.45(4).

8.3. By its acts, omissions, failures, and conduct that are described in this Petition, Defendant violated Section 17.46 et. seq. of the Texas Business & Commerce Code, commonly referred to as the DTPA. Particularly, Defendant violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiff justifiably relied on to their detriment. In this respect, Defendant's violations include, without limitation:

a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;[41]

b) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;[42]

c) Advertising goods or services with intent not to sell them as advertised,[43] and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;[44]

d) Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed;[45] and,

e) Engaging in an unconscionable action or course of action, to Plaintiff's detriment, that took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.[46]

8.4. As described herein, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which affords Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.[47]

---

[41] *See* TEX. BUS. & COM. CODE §17.45(b)(5).

[42] *See* TEX. BUS. & COM. CODE §17.45(b)(7).

[43] *See* TEX. BUS. & COM. CODE §17.45(b)(10).

[44] *See* TEX. BUS. & COM. CODE §17.45(b)(12).

[45] *See* TEX. BUS. & COM. CODE §17.45(b)(24).

[46] *See* TEX. BUS. & COM. CODE §17.45(5); §17.50(a)(3).

[47] TEX. BUS. & COM. CODE §17.46(b)(5).

Copy from re:SearchTX

8.5. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages as set forth herein. Accordingly, Plaintiff seeks their actual damages, court costs, and reasonable and necessary attorneys' fees.[48]

8.6. Additionally, because Defendant acted knowingly and intentionally, Plaintiff is entitled to recover treble damages under DTPA Section 17.50(b)(1).[49] Defendant acted knowingly because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim.[50] Further, Defendant acted intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.[51]

## IX. WAIVER AND ESTOPPEL

9.1. Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

9.2. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## X. CONDITIONS PRECEDENT

10.1. Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

---

[48] TEX. BUS. & COM. CODE §17.50(d).

[49] TEX. BUS. & COM. CODE §17.50(b)(1).

[50] TEX. BUS. & COM. CODE §17.45(9).

[51] TEX. BUS. & COM. CODE §17.45(13).

Copy from re:SearchTX

10.2. All conditions precedent to Plaintiff's recovery have been performed, have occurred, have been waived, or are excused.

## XI. NOTICE OF INTENT TO USE DISCOVERY

11.1. Plaintiff gives notice of its intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit. Such documents and items are self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.

## XII. ECONOMIC AND ACTUAL DAMAGES

12.1. Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

12.2. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the actual costs of the repair and remediation of Plaintiff's Property and any investigative and engineering fees incurred therein. Plaintiff is entitled to recover their out-of-pocket damages, costs of mitigation, additional living expenses, diminution of the value of the Property, lost time, loss of use, and expectancy damages. Plaintiff is further entitled to recover actual, consequential, and general damages from Defendant's breach of its duty of good faith and fair dealing and breach of contract. As this is an action for bad faith insurance practices, Plaintiff is also entitled to recover extracontractual damages for economic and personal injuries. Plaintiff is further entitled to recover the amount of their claim plus prejudgment interest, statutory interest, post-judgment interest, and attorneys' fees. All the damages described herein are within the jurisdictional limits of the Court.[52]

---

[52] *See* TEX. BUS. & COM. CODE §17.50(b)(1); TEX. BUS. & COM. CODE §17.50(b)(4); TEX. BUS. & COM. CODE §17.50(h); TEX. INS. CODE §541.152(a)(1); TEX. INS. CODE §541.152(a)(3); TEX. INS. CODE §541.152(b); TEX. INS. CODE §542.060(a) and TEX. INS. CODE §542.060(c).

Copy from re:SearchTX

## XIII.  ADDITIONAL DAMAGES

13.1.   Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

13.2.   Defendant has "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages and/or treble damages as authorized by the Texas Insurance Code[53] and Texas Deceptive Trade Practices Act.[54]

## XIV.  ATTORNEYS' FEES

14.1.   Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

14.2.   Plaintiff has retained Insurance Claim Lawyers, Inc. d/b/a Hair Shunnarah Trial Attorneys, LLC, to represent Plaintiff due to Defendant's actions. Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs incurred, including all charges and costs of court, as well as all such fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practices and Remedies Code;[55] (b) Section 541.152 of the Texas Insurance Code;[56] Sections 542.060(a) and 542.060(b) of the Texas Insurance Code;[57] (c) Section 17.50(d) of the Texas Deceptive Trade Practices Act;[58] and (d) common law.[59]

---

[53] Tex. Ins. Code §541.152.

[54] Tex. Bus. & Com. Code §17.50(b)(1).

[55] Tex. Civ. Prac. & Rem. Code §38.001.

[56] Tex. Ins. Code §541.152(a)(1).

[57] Tex. Ins. Code §542.060(a); Tex. Ins. Code §542.060(b).

[58] Tex. Bus. & Com. Code §17.50(d).

Copy from re:SearchTX

## XV.   JURY DEMAND

15.1.   Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

15.2.   Pursuant to Rule 216(a) of the Texas Rules of Civil Procedure, Plaintiff hereby requests a trial by jury and tenders the appropriate jury fee.

## XVI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff St. Cyprian's Episcopal Church respectfully prays that Defendant The Church Insurance Company of Vermont be cited to appear and answer herein and upon a final hearing of the cause, judgment be entered for Plaintiff and against Defendant as follows:

a)   Economic, Actual, and Consequential damages suffered, as requested herein;

b)   Additional Damages as requested herein;

c)   Prejudgment and postjudgment interest at the maximum rate allowed by law as requested herein;

d)   Reasonable and necessary attorneys' fees, and costs of court as requested herein; and

e)   Such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

---

[59] *Nationwide Mut. Ins. v. Holmes*, 842 S.W.2d 335,341 (Tex. App.—San Antonio 1992, writ denied); *Baja Energy Inc. v. Ball*, 669 S.W.2d 836, 838-39 (Tex. App.—Eastland 1984, no writ*); Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex.1974) (recognizing that attorney fees can be awarded under equity).

Copy from re:SearchTX

Respectfully submitted,

**INSURANCE CLAIM LAWYERS, INC.**

By: */s/ T. Scott Edwards*
    Thomas Scott Edwards
    State Bar No. 24075867
    **INSURANCE CLAIM LAWYERS, INC.**
    d/b/a HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
    d/b/a INSURANCE CLAIM HQ
    3540 S. I-10 Service Road W, Suite 300
    Metairie, LA 70001
    Telephone: (504) 684-5200
    Facsimile: (504) 613-6351

*Attorney for Plaintiff*