# EXHIBIT E

Case 9:23-cv-00195-MJT   Document 3   Filed 10/26/23   Page 2 of 13 PageID #: 92

Filed 10/20/2023 3:20 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Raeanne Kent,
Deputy Clerk

CAUSE NO. CV-00549-23-09

| | | |
|---|---|---|
| ST. CYPRIAN'S EPISCOPAL CHURCH,<br>　*Plaintiff*, | § § § § | IN THE DISTRICT COURT |
| | § | 159th/217th JUDICIAL DISTRICT |
| V. | § § | |
| THE CHURCH INSURANCE COMPANY OF VERMONT,<br>　*Defendant.* | § § § § | ANGELINA COUNTY, TEXAS |

**DEFENDANT THE CHURCH INSURANCE COMPANY OF VERMONT'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant The Church Insurance Company of Vermont ("Defendant"), and files this Original Answer and Affirmative Defenses to Plaintiff St. Cyprian's Episcopal Church's Original Petition, and all supplements and amendments thereto, respectfully showing the Court as follows:

## I.　GENERAL DENIAL

1.　Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition. By this general denial, Defendant demands that Plaintiff prove every fact in support of its claims by a preponderance of the evidence as required by the laws of this State.

## II.　AFFIRMATIVE DEFENSES

2.　Without admission or concession of the applicability of Texas law, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

### First Affirmative Defense

3. Plaintiff's petition fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

4. Defendant asserts the affirmative defenses of accord and satisfaction, release, credit, offset, and prior payments. Defendant previously paid Plaintiff $119,878.48 in August of 2022 and $470,800.87 in November of 2022 for a total of $590,689.35 after deductible and depreciation.

### Third Affirmative Defense

5. Defendant affirmatively asserts that Texas Civil Practice & Remedies Code §33.001 et seq. applies to this action and that the trier of fact shall determine the percentage of responsibility of each claimant (including Plaintiff's own proportionate responsibility and contributory negligence), defendant, settling person, and responsible third party.

### Fourth Affirmative Defense

6. Plaintiff's claim for attorneys' fees is precluded under Texas's excessive demand doctrine. *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 344 (5th Cir. 2018). Here, Plaintiff wrongfully demanded more than was due under the Policy, and Plaintiff refused and/or clearly indicated that Plaintiff would refuse tender of an amount less than the excessive demand.

### Fifth Affirmative Defense

7. Plaintiff's claim for attorneys' fees is limited or barred by the caps and limitations imposed by Chapter 542A of the Texas Insurance Code. *See* Tex. Ins. Code § 542A.007 et seq.

### Sixth Affirmative Defense

8. The coverage dispute between the parties amounts to a *bona fide* controversy and may not serve as the basis for extra-contractual claims under the common law or any statute.

### Seventh Affirmative Defense

9. The terms, conditions, exclusions, limits, deductibles, and other components in Policy Number VPPP0005126 issued by Defendant to Plaintiff for the policy period of August 1, 2021 to August 1, 2022 apply to Plaintiff's insurance claim. Plaintiff's claims are limited or barred, in whole or in part, by the terms, conditions, exclusions, limits, deductibles, and other components of the Policy, which are pled as if copied herein.

### Eighth Affirmative Defense

10. For further answer, should such be necessary, Plaintiff's claims are subject to the following Policy provisions:

**Premises Number:** 1

**Building Number:** 1

**Description:**
CHURCH, BELL TOWER

| **Coverage Type** | **Limit** |
|---|---|
| Building | $3,052,500 |

**Valuation:** Replacement Cost
**Occupancy:** Occupied

**Deductibles:** **Wind/Hail (other than Named Storm)**
$25,000

…

**Premises Number:** 1

**Building Number:** 2

**Description:**
PARISH HALL

| **Coverage Type** | **Limit** |
|---|---|
| Building | $1,775,833 |

**Valuation:** Replacement Cost

**Occupancy:** Occupied

**Deductibles:** <u>Wind/Hail</u> **(other than Named Storm)**
$25,000

**Premises Number:** 1

**Building Number:** 3

**Description:**
MECHANICAL ROOM

| Coverage Type | Limit |
|---|---|
| Building | $43,200 |

**Valuation:** Replacement Cost
**Occupancy:** Occupied

**Deductibles:** <u>Wind/Hail</u> **(other than Named Storm)**
$25,000

…

**Premises Number:** 1

**Building Number:** 4

**Description:**
EDUCATION BLDG

| Coverage Type | Limit |
|---|---|
| Building | $548,400 |

**Valuation:** Replacement Cost
**Occupancy:** Occupied

**Deductibles:** <u>Wind/Hail</u> **(other than Named Storm)**
$25,000

…

**Premises Number:** 1

**Building Number:** 1

…

CP-85 1.0    Special Perils Part

…

**Premises Number:** 1

**Building Number:** 2

…

CP-85 1.0   Special Perils Part

…

**Premises Number:** 1

**Building Number:** 3

…

CP-85 1.0   Special Perils Part

…

**Premises Number:** 1

**Building Number:** 4

…

CP-85 1.0   Special Perils Part

…

**CP 0516 01 16**

### EXCLUSION OF COSMETIC DAMAGE TO ROOF COVERINGS CAUSED BY WINDSTORM OR HAIL

**THE FOLLOWING IS ADDED TO ALL EXCLUSION SECTIONS AND SUBSECTIONS, INCLUDING TERMS AND CONDITIONS OF THE POLICY, AND APPLIES TO ALL BUILDINGS, STRUCTURES AND DWELLINGS.**

The policy does not cover "cosmetic" loss or damage to roof coverings caused by Windstorm or Hail perils.

"Cosmetic Loss or Damage" means only that damage that alters the physical appearance of the roof coverings (such as dents or scratches) but does not result in damage that allows the penetration of water through the roof coverings, or does not result in the failure of roof coverings to perform its intended function, to keep out elements over an extended period of time.

The policy will cover Windstorm or Hail damage to roof coverings that results in damage that allows water to penetrate through the coverings or that results in the failure of the coverings to perform their intended function of keeping out the elements.

"Roof coverings" means the material exposed to the weather, the underlayments applied for moisture protection and all flashing and edging required in the replacement of the coverings.

All other terms and conditions of this policy remain unchanged.

…

**BUILDING AND PERSONAL PROPERTY COVERAGE PART CP-12 Ed. 1.0**

**We** cover direct physical loss to covered property at the premises described in the **declarations** caused by a covered peril.

**PROPERTY COVERED**

**We** cover the following types of property for which a **limit** is shown in the **declarations**, including:

…

1. completed additions;

2. fixtures, machinery, and equipment which are a permanent part of the described building or structure;

3. outdoor fixtures;

4. personal property owned by **you** and used to maintain or service the described building or structure or its premises, including air-conditioning equipment; fire extinguishing apparatus; floor coverings; and appliances for refrigerating, cooking, dish washing, and laundering;

5. If not covered by other insurance;

    a. additions under construction, alterations, and repairs to the building or structure; and

    b. materials, equipment, supplies, and temporary structures on or within 100 feet of the described premises, used for making additions, alterations, or repairs to the building or structure.

…

**VALUATION**

1. **Actual Cash Value** -- When replacement cost is not shown in the **declarations** for covered property, the value is based on the actual cash value at the time of the loss (with a deduction for depreciation), except as provided in paragraphs 2. through 9. below.

…

9.  **Replacement Cost --** When replacement cost is shown on the **declarations** for covered property, the value is based on replacement cost without any deduction for depreciation.

    This replacement cost provision does not apply to objects of art, rarity, or antiquity; property of others; or paragraphs 3. through 8. above.

    The replacement cost is limited to the cost of repair or replacement with similar materials on the same site and used for the same purpose. The payment shall not exceed the amount **you** spend to repair or replace the damaged or destroyed property.

    Except as provided under Limited Replacement Cost, replacement cost valuation does not apply until the damaged or destroyed property is repaired or replaced. **You** may make a claim for actual cash value before repair or replacement takes place, and later for the replacement cost if **you** notify **us** of **your** intent within 180 days after the loss.

…

**HOW MUCH WE PAY**

…

2.  **Deductible -- We** pay on that part of **your** loss over the deductible amount stated on the **declarations** in any one occurrence. The deductible applies to the loss before application of any coinsurance or reporting provision.

3.  **Loss Settlement Terms --** Subject to paragraphs 1., 2., 4., 5, and 6. under How Much We Pay, **we** pay the lesser of:

    a.  the amount determined under Valuation;

    b.  the cost to repair, replace, or rebuild the property with material of like kind and quality to the extent practicable; or

    c.  the **limit** that applies to covered property.

…

**LOSS PAYMENT**

1.  **Our Options -- We** may:

    a.  pay the value of the loss;

    b.  pay the cost of repairing or replacing the loss;

      c.      rebuild, repair, or replace with property of equivalent kind and quality, to the extent practicable; or

      d.      take all or any part of the damaged property at the agreed or appraised value.

**We** must give **you** notice of **our** intentions within 30 days after **we** have received a satisfactory proof of loss.

2.    **Your Losses -- We** adjust all losses with **you**. Payment is made to **you** unless another loss payee is named in the policy. A covered loss is payable 30 days after a satisfactory proof of loss is received; and

      a.      the amount of the loss has been agreed to in writing;

      b.      an appraisal award has been filed with **us**; or

      c.      a final judgment has been entered.

…

## OTHER CONDITIONS

In addition to the policy **terms** which are contained in the other sections of the Commercial property Coverage, the following sections apply.

1.    **Appraisal --** If **you** and **we** do not agree on the amount of loss or the actual cash value of covered property, either party may demand that these amounts be determined by appraisal.

If either makes a written demand for appraisal, each selects a competent, independent appraiser and notifies the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the property is located to select an umpire.

The appraisers then determine and state separate the amount of each loss.

The appraisers also determine the actual cash value of covered property items at the time of loss, if requested.

A written agreement is binding on all parties. If the appraisers fail to agree within a reasonable time, they submit only their differences to the umpire. Written agreement so itemized and signed by any two of these three is binding on all parties.

Each appraiser is paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire is paid equally by **you** and **us**.

If there is an appraisal, **we** retain **our** right to deny the claim.

…

**SPECIAL PERILS PART CP-85 Ed. 1.0**

…

**PERILS COVERED**

When "Special Perils" is shown on the **declarations**, **we** cover risks of direct physical loss unless the loss is limited or caused by a peril that is excluded.

**PERILS EXCLUDED**

1. **We** do not pay for loss if one or more of the following exclusions apply to the loss, regardless or other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.

    …

    e. **Defects, Errors, and Omissions -- We** do not cover loss which results from one or more of the following;

        1) an act, error, or omission (negligent or not) relating to:

            a) land use;
            b) the design, specification, construction, workmanship, installation, or maintenance of property;
            c) planning, zoning, development, siting, surveying, grading, or compaction; or
            d) maintenance of property (including land, structures, or improvements);

        whether on or off the described premises;

        2) a defect, weakness, the inadequacy, a fault, or unsoundness in materials used in construction or repair, whether or on off the described premises;

    …

    s. **Wear and Tear -- We** do not cover loss caused by wear and tear, marring, or scratching. **We** cover any resulting loss caused by a **specified peril** or breakage of building glass.

    …

### Ninth Affirmative Defense

11. Defendant affirmatively asserts that Plaintiff is not entitled to recover exemplary damages. Defendant invokes all due process rights and all of the protections against exemplary damages, and all damage caps, provided by the Texas Constitution, the United States Constitution, Texas Civil Practice & Remedies Code §41.001 et seq., and other applicable law.

### III.   RESERVATION OF RIGHTS

By appearing and answering herein, Defendant does not waive, and expressly reserves, all rights and defenses that Defendant may have or that may arise under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to, assert any of the rights and defenses that Defendant may have or that may arise under the Policy, applicable law and/or in equity.

### IV.   JURY DEMAND

Defendant demands a trial by jury and tender the appropriate fee herewith.

### V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant The Church Insurance Company of Vermont prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; (c) that Plaintiff's claims against Defendant be dismissed with prejudice; (d) that Plaintiff take nothing from Defendant, and (e) for such other and further relief to which Defendant may be justly entitled, whether at law or in equity.

Respectfully submitted,

Dated: October 20, 2023

                          **MOUND COTTON WOLLAN & GREENGRASS LLP**

                          */s/ Karl A. Schulz*
                          Karl A. Schulz
                          Attorney-in-Charge
                          Texas Bar No. 24057339
                          3 Greenway Plaza, Suite 1300
                          Houston, Texas 77046
                          Telephone: (281) 572-8350
                          Fax: (281) 572-8350
                          *kschulz@moundcotton.com*

                          *Attorneys for Defendant The Church Insurance Company of Vermont*

**<u>CERTIFICATE OF SERVICE</u>**

      This is to certify that, pursuant to the Texas Rules of Civil Procedure, the foregoing document has been served on all counsel of record by eService on October 20, 2023.

Thomas Scott Edwards
State Bar No. 24075867
INSURANCE CLAIM LAWYERS, INC.
d/b/a HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
d/b/a INSURANCE CLAIM HQ
 3540 S. I-10 Service Road W, Suite 300
 Metairie, LA 70001
sredding@hstalaw.com

                          */s/ Karl A. Schulz*
                          Karl A. Schulz

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Megan Heard on behalf of Karl Schulz
Bar No. 24057339
mheard@moundcotton.com
Envelope ID: 80824205
Filing Code Description: Answer/Response
Filing Description: The Church Insurance Company of Vermont's Original Answer
Status as of 10/20/2023 3:35 PM CST

Associated Case Party: ST. CYPRIAN'S EPISCOPAL CHURCH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| STEPHANIE REDDING | | sredding@hstalaw.com | 10/20/2023 3:20:24 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Karl A.Schulz | | kschulz@moundcotton.com | 10/20/2023 3:20:24 PM | SENT |
| Megan Heard | | mheard@moundcotton.com | 10/20/2023 3:20:24 PM | SENT |